UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BLUE FROG MOBILE NV INC., a Nevada corporation, ) ) ) Plaintiff, ) ) vs. ) ) ) NAVICOMM LLC, a Nevada limited liability ) company; OCMC, INC., an Indiana ) corporation; BOB TREASH, an individual; ) and JOE PENCE, an individual, ) ) Defendants. ) | 1:06-cv-1215-JDT-TAB |

**ENTRY ON DEFENDANT JOE PENCE'S MOTION TO DISMISS THE THIRD, FIFTH, SIXTH, AND EIGHTH CAUSES OF ACTION ASSERTED AGAINST HIM IN THE FIRST AMENDED COMPLAINT (Doc. No. 63)**[1]

This case arose from a failed business relationship between Plaintiff Blue Frog Mobile NV Inc. ("Blue Frog") and Defendants Navicomm LLC ("Navicomm"), OCMC, Inc. ("OCMC"), Bob Treash (a manager of Navicomm), and Joe Pence (President and CEO of OCMC).[2] In February 2005, Blue Frog contracted with Navicomm to provide certain billing and collection services. Under this agreement, Navicomm served as an intermediary, collecting payments from Blue Frog's customers and passing those

---

[1] This Entry is a matter of public record and will be made available on the court's web site. However, the discussion contained herein is not sufficiently novel to justify commercial publication.

[2] On this motion to dismiss, this court must accept the Plaintiff's factual allegations as true and draw all reasonable inferences in his favor. Therefore, this account of the facts reflects the factual allegations in Blue Frog's complaint and does not incorporate Mr. Pence's response to those factual allegations.

payments, less a fee for Navicomm's services, along to Blue Frog.  In September 2005, Blue Frog entered into an agreement for similar services with both Navicomm and OCMC.  Although payments to Blue Frog pursuant to these agreements (the "Billing and Collection Agreements") proceeded smoothly at first, in December 2005, Navicomm and OCMC stopped making timely, full payments pursuant to these agreements.  When Blue Frog subsequently demanded full payment of amounts owed and threatened to terminate the Billing and Collection Agreements, Mr. Treash and Mr. Pence explained that their companies were experiencing temporary financial challenges and that full payment would be forthcoming.  The reassurances offered by Mr. Treash and Mr. Pence were crucial in persuading Blue Frog not to immediately terminate the Billing and Collection Agreements.

Despite these reassurances, however, the payment irregularities continued, and in May 2006, Navicomm and OCMC completely ceased payments to Blue Frog.  Blue Frog, in turn, terminated the Billing and Collection Agreements.  Despite termination of the parties' contractual relationship, Blue Frog alleges that Navicomm and OCMC continued to bill Blue Frog's customers without remitting any portion of the funds collected from such billings to Blue Frog.  Blue Frog further alleges that Mr. Pence personally misappropriated funds owed by OCMC to Blue Frog and that he retains control over such funds.

In this action, Blue Frog seeks relief from Mr. Pence and the other Defendants on a variety of theories; those theories relevant to this motion include promissory estoppel (third cause of action), actual fraud (fifth cause of action), constructive fraud (sixth

cause of action), and unjust enrichment (eighth cause of action). On July 9, 2007, Mr. Pence moved to dismiss these four causes of action against him under Rule 12(b)(6). On July 24, 2007, Blue Frog agreed to dismiss the first three causes of action, and this court dismissed those causes of action solely with respect to Mr. Pence on July 25, 2007. (Order Granting Mot. Partial Dismissal, Doc. No. 67.) However, Blue Frog still seeks recovery from Mr. Pence on the Eighth Cause of Action, Unjust Enrichment. Mr. Pence has filed his reply to Blue Frog's response brief, and therefore, this motion is ripe for review.

## I.     Standard of Review

In ruling upon a motion to dismiss, this court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief," and therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing Fed. R. Civ. P. 8(a)(2)) (internal quotations omitted). However, the plaintiff must provide fair notice of the grounds for his claim, and therefore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. at 1965. However, this does not represent a "fact-pleading"

standard requiring detailed factual allegations; rather, the plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007) (interpreting *Twombly*'s enhanced pleading requirements in light of a subsequent decision, *Erickson v. Pardus*, 127 S. Ct. 2197 (2007)).

## II. Discussion

Mr. Pence advances three arguments in support of his motion to dismiss Blue Frog's claim of unjust enrichment for failure to state a claim. First, Mr. Pence argues that the existence of an express contract between OCMC/Navicomm and Blue Frog precludes Blue Frog's pursuit of an equitable recovery from Mr. Pence. Second, Mr. Pence argues that even if Blue Frog were allowed to pursue this equitable theory, it did not plead all the required elements of unjust enrichment. Finally, Mr. Pence argues that Blue Frog has not supplied factual allegations sufficient to demonstrate a right to relief rising above the merely "speculative level," as required by *Trombly*. The first and second arguments are matters of state substantive law, whereas the third is a matter of federal procedural law. These arguments are addressed below.

### A. State Law Arguments - Unjust Enrichment

Mr. Pence first argues that, under Indiana law, Blue Frog cannot pursue its unjust enrichment claim against Mr. Pence due to the express contract that existed between

Blue Frog and OCMC/Navicomm. Mr. Pence describes unjust enrichment as a "quasi-contract" claim, and cites Indiana case standing for the proposition that "the existence of an express contract precludes application of quantum meruit because a contract provides a remedy at law." (Def.'s Br. Supp. Mot. Dismiss 14 (citing *King v. Terry*, 805 N.E.2d 397, 400 (Ind. Ct. App. 2004))). Therefore, argues Mr. Pence, the existence of the Billing and Collection Agreements between Blue Frog and OCMC/Navicomm precludes Blue Frog's pursuit of an equitable remedy against Mr. Pence.

However, as Blue Frog points out, the existence of a contract precludes the pursuit of an equitable remedy only by a party to that contract, on the rationale that such a party has an adequate remedy at law. *See King*, 805 N.E.2d at 400 ("[A] contract precludes application of *quantum meruit* because (1) a contract provides a remedy at law and (2)-as a remnant of chancery procedure-a plaintiff may not pursue an equitable remedy when there is a remedy at law.") (emphasis in original). None of the cases cited by Mr. Pence in support of his argument extend this principle to bar equitable claims by those who were not parties to a contract. *See id.* (holding that plaintiff's quantum meruit claim could proceed because of the absence of evidence of an express or implied contract between the plaintiff and defendant); *Troutwine Estates Dev. Co. v. Comsub Design & Eng'g, Inc.*, 854 N.E.2d 890, 897 (Ind. Ct. App. 2006) (although an express or implied contract between the parties would have precluded recovery in quantum meruit, no such contract existed, allowing quantum meruit recovery); *Kelly v. Levandoski*, 825 N.E.2d 850, 860-61 (Ind. Ct. App. 2005) (holding that trial court did not err in declining to grant defendant's motion for summary judgment where triable issues of fact existed

regarding plaintiff's ability to recover under a theory of express contract, unjust enrichment, or unilateral contract); *Kern v. City of Lawrenceburg*, 625 N.E.2d 1326, 1329-31 (Ind. Ct. App. 1993) (vacating quantum meruit judgment against contractor because the subject area of the claim was covered by the contract between plaintiff and contractor). In this case, because Blue Frog had no contract with Mr. Pence, Blue Frog has no contractual remedy against Mr. Pence; lacking such a remedy, the contracts between Blue Frog and OCMC/Navicomm pose no bar to Blue Frog's claim for unjust enrichment against Mr. Pence.[3]

Mr. Pence next argues that Blue Frog has failed to plead all the required elements of an unjust enrichment claim. In order to prevail on its claim of unjust enrichment, Mr. Pence argues, Blue Frog must demonstrate that: (1) a benefit was rendered to Mr. Pence; (2) at the express or implied request of Mr. Pence; (3) that allowing Mr. Pence to retain the benefit without paying for it would be unjust; and (4) that Blue Frog expected payment from Mr. Pence. (Def.'s Reply Br. Supp. Mot. Dismiss 2 (citing *Troutwine Estates*, 854 N.E.2d at 897)). Mr. Pence contends that Blue Frog never pleaded the second (payment at the request of Mr. Pence) or fourth (Blue Frog expected payment from Mr. Pence) elements of this claim.

However, Mr. Pence describes the requirements for a quantum meruit claim, a

---

[3] It is also worth noting that at the pleading stage, Blue Frog would have been free to plead both a breach of contract theory and, in the alternative, an unjust enrichment theory. It is only a determination that a contract existed that precludes recovery in quantum meruit, and such a determination is not made at the pleading stage. However, because Blue Frog does not plead breach of contract against Mr. Pence, this point merits no further discussion.

6

specific type of unjust enrichment claim in which the plaintiff seeks to recover damages for services rendered to the defendant. *See Troutwine Estates*, 854 N.E.2d at 897 ("For recovery under *quantum meruit*, it must be demonstrated that a benefit was rendered to another party at the express or implied request of that party, that allowing the defendant to retain the benefit without paying for it would be unjust, and that the plaintiff expected payment.") (emphasis in original); *Black's Law Dictionary* 1276 (8th ed. 2004) (defining quantum meruit as "damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship" or "a claim or right of action for the reasonable value of services rendered"). Plaintiffs seeking recovery for breach of contract often plead quantum meruit as an alternative theory, because this theory allows for the possibility of recovery even if the court finds that no contract existed or that a contract existed but was unenforceable. *See Black's Law Dictionary* 1276 (8th ed. 2004) ("Quantum meruit is still used today as an equitable remedy to provide restitution for unjust enrichment" and "is often pleaded as an alternative claim in a breach-of-contract case so that the plaintiff can recover even if the contract is unenforceable."); s*ee, e.g., Troutwine Estates*, 854 N.E.2d at 897-98 (finding that no contract existed due to lack of mutual assent but allowing recovery on plaintiff's alternative theory of quantum meruit).

Unjust enrichment is a broader equitable theory which encompasses quantum meruit, but is not confined to its elements. *See Bright v. Kuehl*, 650 N.E.2d 311, 315-16 (Ind. Ct. App. 1995) (separately analyzing plaintiff's claims under a theory of quasi-contract, with requirements similar to quantum meruit, and unjust enrichment, with its

more general requirements).  For a plaintiff to prevail on a general claim of unjust enrichment under Indiana law, he must show only that "a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust."  *Id.* at 316 (citing *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind. 1991)); *see also Dominiack Mech., Inc. v. Dunbar*, 757 N.E.2d 186, 190-91 (Ind. Ct. App. 2001) (applying this definition of unjust enrichment where plaintiff sought to recover damages where funds had been embezzled from plaintiff and used to confer benefits upon third parties); *Encore Hotels v. Preferred Fire Prot.*, 765 N.E.2d 658, 662 (Ind. Ct. App. 2002) (applying this definition of unjust enrichment to plaintiff's claim); *cf. King*, 805 N.E.2d at 400 (describing the elements of a quantum meruit claim in terms of the looser definition of an unjust enrichment claim). Unjust enrichment need not be premised on a quasi-contract or quantum meruit theory; for instance, in *Dominiack*, the plaintiff sought damages against third parties who had enjoyed the benefits of funds that had been embezzled from the plaintiff by one of the other defendants.  Although the plaintiff's claim against these third parties could not be described as "quasi-contractual" in any sense, the court nevertheless found that the plaintiff had stated a claim against these third parties for unjust enrichment, employing the broader definition of unjust enrichment described above.  *Dominiack*, 757 N.E.2d at 190-91.

     Blue Frog's claim against Mr. Pence sounds in unjust enrichment, but not quantum meruit.  Blue Frog does not seek to recover damages for the value of some services that Blue Frog conferred upon Mr. Pence.  Instead, in a factual scenario more

analogous to *Dominiack*, Blue Frog seeks to recover a "measurable benefit" that has been conferred upon Mr. Pence, in this case by OCMC, "under circumstances in which [Mr. Pence's] retention of the benefit without payment [to Blue Frog] would be unjust." *See Dominiack*, 757 N.E.2d at 190-91. This represents a general claim of unjust enrichment devoid of any assertion that Mr. Pence somehow owes Blue Frog for services rendered by Blue Frog. Therefore, Mr. Pence's argument that Blue Frog failed to plead two of the essential elements of a quantum meruit claim is inapposite; those two elements are not required to plead the sort of general unjust enrichment claim involved in this case.

Blue Frog's unjust enrichment claim against Mr. Pence is not barred by Blue Frog's contract with OCMC/Navicomm, and Blue Frog has alleged the essential elements of an unjust enrichment claim under Indiana law. It remains to be considered whether Blue Frog has supported these elements with factual allegations sufficient to meet federal pleading standards.

**B.     Federal Pleading Requirements**

Mr. Pence also contends that Blue Frog failed to support its unjust enrichment pleading with factual allegations sufficient to raise the right to relief above the merely "speculative level." (Def.'s Reply Br. Supp. Mot. Dismiss 2 (citing *Twombly*, 127 S.Ct. at 1969)). To survive this motion to dismiss for failure to state a claim, Blue Frog must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S. Ct. at 1965. If Blue Frog's unjust enrichment

9

claim is to proceed, it must be supported by factual allegations that provide fair notice of the *grounds* for the claim. *Airborne Beepers & Video, Inc.*, 499 F.3d at 667 (explaining *Twombly*'s requirements).

As already recounted in this entry, Blue Frog has supplied extensive factual allegations concerning the withholding of funds owed to Blue Frog by OCMC and Navicomm pursuant to the Billing and Collection Agreements.  However, in order to survive this dismissal motion, Blue Frog's claim must also be supported by factual allegations showing that Mr. Pence was unjustly enriched through his participation in these activities.  To this end, Blue Frog's First Amended Complaint alleges that Mr. Pence is President and CEO of OCMC, that Mr. Pence controls OCMC, and that OCMC transferred funds owed to Blue Frog to Mr. Pence.  (Am. Compl. ¶¶ 13, 14.)  Blue Frog also alleges that Mr. Pence played a crucial role in persuading Blue Frog to continue doing business with OCMC/Navicomm after payments pursuant to the Billing and Collection Agreements had become partial and irregular.  (*Id.* ¶¶ 41-49.)

*Twombly* does not require a federal plaintiff to provide "detailed factual allegations," but the facts alleged in the complaint must offer more than a purely speculative basis for relief and must provide the defendant the sort of notice to which he is entitled under Rule 8.  *Airborne Beepers & Video, Inc.*, 499 F.3d at 667 (explaining *Twombly*'s requirements).  Blue Frog's factual allegations, as described above and accepted as true for purposes of this motion, are more than sufficient to raise its right to relief above the merely speculative level.  Blue Frog's First Amended Complaint thoroughly describes allegations of wrongdoing by OCMC and Navicomm, and further

explains how Mr. Pence was allegedly unjustly enriched by his participation in these activities.  These allegations provide Mr. Pence with more than adequate notice of the grounds for Blue Frog's unjust enrichment claim.  Therefore, this court must reject Mr. Pence's argument that Blue Frog's eighth cause of action, unjust enrichment, fails to meet federal pleading requirements.

### III.   Conclusion

For the reasons stated above, Mr. Pence's Motion to Dismiss the Third, Fifth, Sixth, and Eighth Causes of Action is **GRANTED** in part and **DENIED** in part.  Based on Blue Frog's agreement to voluntarily dismiss the Third, Fifth, and Sixth Causes of Action against Mr. Pence, and this court's corresponding order on July 25, 2007, those causes of action against Mr. Pence have been dismissed.  The Eighth Cause of Action, Unjust Enrichment, will not be dismissed.  No judgment will be entered at this time, but rather will be deferred until the conclusion of the remaining claims against Mr. Pence.

ALL OF WHICH IS ENTERED this 8th day of November 2007.

_____
John Daniel Tinder, Judge
United States District Court

Copies To:

Magistrate Judge Tim A. Baker

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Steven Walter Griesemer
LEWIS & KAPPES
sgriesemer@lewis-kappes.com

John K. McDavid
LOCKE REYNOLDS LLP
jmcdavid@locke.com

Jeffrey C. McDermott
KRIEG DEVAULT
jmcdermott@kdlegal.com

Derek A. Newman
NEWMAN & NEWMAN LLP
derek@newmanlaw.com

Marc T. Quigley
KRIEG DEVAULT
mquigley@kdlegal.com

Theresa Marie Ringle
BOSE MCKINNEY & EVANS, LLP
tringle@boselaw.com

Greg A. Small
KRIEG DEVAULT
gs@kdlegal.com